FILED

FEB 12 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV26.01323

SK

AMARI FORD,

199 Pelican Loop Pittsburg, Ca 94565
Plaintiff

v.

Detective Garrett Garcia, individually and in his official capacity;
Pittsburg Police Department;
CITY OF PITTSBURG; and
DOES 1–10, inclusive,
Defendants.



COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

42 U.S.C. § 1983

DEMAND FOR JURY TRIAL

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the deprivation of rights secured by the United States Constitution.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Pittsburg, California, within the Northern District of California.

II. PARTIES

CASE 01323

SK

NORTHERN DISTRICT OF CALIFORNIA
CLERK, U.S. DISTRICT COURT

FEB 12 2026

FILED

4. Plaintiff Amari Ford is an adult resident of Contra Costa County, California. At all relevant times, Plaintiff was a minor during a substantial portion of Defendants' investigation and was entitled to heightened procedural protections.
5. Defendant Detective Garrett Garcia was, at all relevant times, a detective employed by the Pittsburg Police Department and acted under color of state law. He is sued in both his individual and official capacities.
6. Defendant Pittsburg Police Department is a municipal police department operated by the City of Pittsburg and responsible for law enforcement within its jurisdiction.
7. Defendant City of Pittsburg is a municipal entity responsible for the policies, practices, training, supervision, and conduct of the Pittsburg Police Department and its officers.
8. Defendants DOES 1–10 are individuals whose true names and capacities are presently unknown, but who are believed to be supervisors, policymakers, or other personnel responsible for the conduct alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## III. FACTUAL ALLEGATIONS

9. In or about 2022, Plaintiff became the subject of criminal allegations reported to the Pittsburg Police Department.
10. At the time the allegations were made, Plaintiff was seventeen (17) years old.
11. Plaintiff's mother, Tanya Ford, promptly contacted Defendant Detective Garrett Garcia after learning of the allegations, provided her contact information, and attempted to cooperate with and engage the investigating officer on behalf of her minor son.
12. Detective Garrett Garcia never returned Plaintiff's mother's calls and never contacted Plaintiff, despite having Plaintiff's and his mother's contact information.
13. Upon information and belief, Detective Garrett Garcia waited more than one year after the initial report was made before conducting any meaningful investigation, including but not limited to interviewing Plaintiff, contacting his parent or guardian, gathering evidence, or pursuing readily available exculpatory information.
14. During this prolonged period of inaction, Plaintiff remained under the cloud of criminal suspicion without being interviewed, informed of the status of the investigation, or afforded any meaningful opportunity to respond to the allegations.
15. As a result of the criminal allegations and Defendants' actions and omissions, Plaintiff was taken into custody and spent approximately six (6) days in juvenile hall.
16. Plaintiff was subsequently placed on house arrest for approximately six (6) months, during which his liberty was significantly restricted.
17. Prior to this matter, Plaintiff had no criminal history and had never previously been detained, arrested, or adjudicated delinquent.

18. Plaintiff's detention in juvenile hall and prolonged house arrest occurred while Defendants failed to conduct a timely or meaningful investigation, exacerbating the harm caused by Defendants' misconduct.
19. At the time of the investigation, Plaintiff was a highly recruited Division I baseball prospect and had enrolled at California State University, Sacramento, to pursue his academic and athletic career.
20. Plaintiff attended the university for approximately two (2) weeks before being forced to withdraw as a direct result of the unresolved criminal investigation and Defendants' failure to timely investigate or resolve the matter.
21. Plaintiff incurred monetary losses, including tuition and related educational expenses, and lost the opportunity to continue his education and Division I athletic career.
22. On January 22, 2024, all criminal charges against Plaintiff were dismissed with prejudice, permanently terminating the criminal matter in Plaintiff's favor.
23. Defendants' prolonged inaction, failure to investigate, and failure to contact a minor or his parents constituted a deprivation of Plaintiff's right to due process under the Fourteenth Amendment.
24. Upon information and belief, Defendants' conduct was not isolated but reflected systemic failures in training, supervision, and accountability within the Pittsburg Police Department.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of Fourteenth Amendment Due Process
42 U.S.C. § 1983
*(Against All Defendants)*

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.
26. At all relevant times, Defendants acted under color of state law.
27. Plaintiff had a clearly established constitutional right to due process of law, including the right to a timely, fair, and non-arbitrary criminal investigation.
28. Defendant Detective Garrett Garcia violated Plaintiff's due process rights by engaging in a reckless and constitutionally deficient investigation, including but not limited to:
- Failing to contact or interview Plaintiff for more than one year after the initial report;
- Failing to contact Plaintiff's parent or guardian despite Plaintiff being a minor at the time;

- Failing to gather, evaluate, or preserve available evidence;
- Failing to pursue or consider exculpatory information;
- Allowing Plaintiff to remain detained, confined, and under prolonged criminal suspicion without justification or procedural safeguards.

29. Detective Garrett Garcia's prolonged inaction and failure to investigate were arbitrary, conscience-shocking, and unrelated to any legitimate law-enforcement objective.
30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered substantial harm, including loss of liberty, monetary loss, emotional distress, reputational injury, and the derailment of his academic and athletic career.
31. The criminal proceedings terminated in Plaintiff's favor when all charges were dismissed with prejudice on January 22, 2024.

## SECOND CAUSE OF ACTION

Municipal Liability – Failure to Train, Supervise, and Discipline
(Monell Claim – 42 U.S.C. § 1983)
*(Against Defendant City of Pittsburg)*

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31.
33. The constitutional violations suffered by Plaintiff were caused by official policies, customs, or practices of the City of Pittsburg, including but not limited to:
- Failure to ensure timely investigation of serious criminal allegations involving minors;
- Failure to require prompt contact with accused individuals and their parents or guardians;
- Failure to train detectives on investigative standards and due-process obligations;
- Failure to supervise, discipline, or correct detectives who engage in prolonged investigative delay or inaction.

34. The City of Pittsburg knew or should have known that such failures were likely to result in constitutional violations and acted with deliberate indifference to the rights of individuals such as Plaintiff.
35. These policies, customs, or failures were the moving force behind the deprivation of Plaintiff's constitutional rights and the injuries he suffered.

## THIRD CAUSE OF ACTION

Supervisory Liability
42 U.S.C. § 1983
*(Against DOES 1–10)*

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35.
37. DOES 1–10 are supervisors, commanding officers, or policymakers within the Pittsburg Police Department whose identities are presently unknown.
38. DOES 1–10 knew or reasonably should have known of Detective Garrett Garcia's prolonged failure to investigate while Plaintiff was detained and under court-ordered confinement and failed to take corrective action.
39. By failing to intervene, supervise, or discipline Detective Garrett Garcia, DOES 1–10 ratified the unconstitutional conduct and contributed to the violation of Plaintiff's rights.

---

## V. DAMAGES

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including, but not limited to:

a. Loss of liberty, including detention in juvenile hall and prolonged home confinement;

b. Economic damages, including tuition and education-related expenses incurred during Plaintiff's enrollment at California State University, Sacramento, and losses associated with his forced withdrawal;

c. Loss of educational and athletic opportunities, including the loss of the ability to continue his Division I baseball career;

d. Emotional distress, anxiety, humiliation, and psychological harm resulting from detention, prolonged house arrest, reputational harm, and disruption of Plaintiff's academic and athletic future;

e. Other compensatory damages according to proof at trial.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amari Ford respectfully requests that this Court:

a. Declare that Defendants' actions and omissions violated Plaintiff's rights under the United States Constitution;

b. Award compensatory damages in an amount to be determined at trial;

c. Award punitive damages against Defendant Detective Garrett Garcia in his individual capacity;

d. Award costs of suit and such other relief as the Court deems just and proper;

e. Grant such other and further relief as the Court deems equitable and appropriate.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## VIII. DOE DEFENDANTS

Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as DOES 1–10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## IX. SIGNATURE BLOCK

DATED: 01/24/2026

AMARI FORD
Plaintiff, Pro Se
Email: Amariford@gmail.com
Phone: (925) 446-9070